IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LANCE MITCHELL OWENS                                                                          PLAINTIFF

      v.                                    Civil No. 10-5034

BRENDA DeSHIELDS, Benton
County Circuit Court Clerk/Recorder;
and BONITA STUBBS, Administrative
Assistant, Benton County Circuit
Court Clerk, in their individual and
official capacities                                                                                    DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. A motion to dismiss (Doc. 8) and a motion for a preliminary injunction (Doc. 16) are before me for the issuance of this report and recommendation.

### I.  Background

Plaintiff, Lance Mitchell Owens, is currently an inmate of the Arkansas Department of Correction. According to the allegations of the complaint, on December 13, 2007, he sent an instrument entitled, "Transfer Statement," to the Benton County Circuit Clerk and Recorder, Brenda DeShields to be filed. He maintains the instrument complied with all relevant laws and had the appropriate filing fees attached. Despite this, he alleges DeShields, and her administrative assistant, Bonita Stubbs, failed or refused to file the instrument.

On October 1, 2008, Owens alleges he submitted a petition for writ of mandamus to DeShields to be filed in the circuit court. Owens maintains the petition was not filed and he received no response to his filing request until he filed an action in the Arkansas Supreme Court on November

4, 2008. He indicates the petition was later denied by the Arkansas Supreme Court for jurisdictional reasons. The petition seeks relief based on DeShields alleged failure to file the transfer statement.

On November 13, 2008, Owens alleges the transfer statement and petition for writ of mandamus were returned to him unfiled with a letter from Defendant Bonita Stubbs explaining why the documents had not been filed. Owens alleges he made the correction to the transfer statement, resubmitted it, and it was still not filed.

On April 30, 2009, Owens asserts he submitted a petition for writ of mandamus that was filed as civil action 2009-1336-4. DeShields issued a summons. However, Owens maintains the summons was deficient because it did not provide a time, date, and location of the hearing.

On September 2, 2009, Owens alleges the mandamus action was dismissed without prejudice for failure to serve the summons. On September 24, 2009, Owens asserts he served the summons as issued by the Circuit Clerk. On October 2, 2009, Owens filed a certificate of service.

On October 22, 2009, Owens alleges he submitted a motion to vacate the order of dismissal and a motion for default judgment. However, he alleges DeShields never filed these documents and the case was never reinstated.

Finally, on January 19, 2010, Owens alleges he submitted a third petition for writ of mandamus for filing. He asserts the petition was not filed or returned to him.

Owens alleges DeShields' failure to file the transfer statement, the petition for writ of mandamus, and issue a proper summons violates his rights to Due Process and Equal Protection under the Fourteenth Amendment of the United States Constitution. With respect to Stubbs, Owens alleges she failed to intervene when she knew a constitutional violation was being committed against him. As relief, he asks for declaratory and injunctive relief. He also requests compensatory and

punitive damages.

## II.  Discussion

As noted above, there are currently two motions pending before me.  I will address the motions in turn.

### 1. *The Motion to Dismiss* (Doc. 8)

Defendants first maintain that Owens has failed to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  With respect to the transfer statement, they argue Owens has no constitutional right to file fraudulent documents.  With respect to the remaining documents, they state: the writ of mandamus was filed on April 30, 2000; the summons was issued but plaintiff failed to comply with the service requirements of Rule 4 of the Arkansas Rules of Civil Procedure; the motion for default judgment and supporting affidavit were filed on October 26, 2009; Second, Defendants maintain they are entitled to absolute quasi-judicial immunity and this case should be dismissed.

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'"  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal,* ___ U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'"  *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949.  The standard does "not impose a probability requirement at the pleading stage; it simply calls

for enough fact to raise a reasonable expectation," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007), or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. *See Twombly*, 127 S. Ct. at 1965 ("And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.")(quotation marks and citation omitted). *See also Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

"Several principles guide us in determining whether a complaint meets [the plausibility] standard. First, the court must take the plaintiff's factual allegations as true. This tenet does not apply, however, to legal conclusions or formulaic recitation of the elements of a cause of action; such allegations may property be set aside." *Braden*, 588 F.3d at 594 (citation omitted). Additionally, "some factual allegations may be so indeterminate that they require further factual enhancement in order to state a claim." *Braden*, 588 F.3d at 594 (quotation marks and citation omitted).

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). In determining whether the well-pleaded, non-conclusory, factual allegations would give rise to a plausible claim, the "complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The "evaluation of a complaint upon a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (*quoting Iqbal*, 129 S. Ct. at 1950).

Defendants first argue that Plaintiff had no constitutional right to transfer unowned property or to file fraudulent documents. I reject this argument for a number of reasons. First, there are

circumstances, including the use of a transfer statement, under which a non-owner may transfer legal title to property.  See e.g., Ark. Code Ann. § 4-9-619 (2010)(allows secured creditor to transfer legal title in order to effectuate his remedies under the Uniform Commercial Code); see also, Osborn v. Bryant, 324 S.W.3d 687 (Ark. 2009)(discussing small estate exception which allows devisee to transfer property without going through probate).  Second, while there may not be a constitutional right to file fraudulent documents, there is nothing before me, other than a footnote contained in the brief (Doc. 9 pg. 1 fn. 1) which purports to reach this conclusion on the basis of "information received," that suggests the document is in fact"fraudulent" or why Defendants, at the time the document was tendered for filing, believed it to be fraudulent.  There is nothing to suggest Defendants relied upon a statutory provision or applicable court rule in refusing to file the document.

Second, Defendants maintain a number of the documents tendered for filing by the Plaintiff were in fact filed.  Plaintiff concedes that various document were filed but points out that the filings, at least with respect to the petition for writ of mandamus, were delayed for significant periods of time.  He also, correctly, maintains that the transfer statement was never filed.

Third, Defendants argue the claims must be dismissed because the factual allegations of the complaint fail to establish a clear violation of a constitutional right.  I agree with respect to the Equal Protection claim.  The Equal Protection Clause of the Fourteenth Amendment guarantees that "all persons similarly situated should be treated alike.' City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985).  To establish a claim, Plaintiff has to allege facts suggesting that Defendants gave differential treatment to persons who were similarly situated to Plaintiff but who were not of his national origin.  No such allegations exist in this case.

With respect to the Due Process Clause, Defendants argue the Due Process Clause is a

limitation on a government entities power to act not a guarantee of a certain minimal level of safety or security. They argue the Due Process Clause provides protection only from the abusive and arbitrary use of governmental authority and not from merely accidental effects of lawful actions.

The Due Process Clause of the Fourteenth Amendment prohibits state governments from depriving "any person of life, liberty, or property, without due process of law...." U.S. Const. amend. XIV, § 1. This clause has both a procedural and substantive component. See County of Sacramento v. Lewis, 523 U.S. 833 (1998). "Analysis of either a procedural or substantive due process claim must begin with an examination of the interest allegedly violated," Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 445-46 (8th Cir.1995), and "[t]he possession of a protected life, liberty, or property interest is ... a condition precedent to any due process claim." Movers Warehouse, 71 F.3d at 718. "[W]here no such interest exists, there can be no due process violation." Dobrovolny v. Moore, 126 F.3d 1111, 1113 (8th Cir.1997).

"Merely labeling a governmental action as arbitrary and capricious, in the absence of the deprivation of life, liberty, or property, will not support a substantive due process claim." Singleton v. Cecil, 176 F.3d 419, 424 (8th Cir. 1999)(citing Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 226 (1985)). "Before official conduct or inaction rises to the level of a substantive due process violation[,] it must be so egregious or outrageous that it is conscience-shocking." Burton v. Richmond, 370 F.3d 723, 729 (8th Cir. 2004). "The Supreme Court has expressly ruled that liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." Beck v. Wilson, 377 F.3d 884, 890 (8th Cir. 2004)(internal quotation marks and citation omitted).

In this case, Plaintiff maintains he was denied access to the courts because of Defendants' actions. Prisoners have a fundamental right of access to the courts. Lewis v. Casey, 518 U.S. 343,

356 (1996); see also Higgins v. Carpenter, 258 F.3d 797, 799 -800 (8th Cir. 2001). However, the right of access only extends to claims challenging the prisoner's sentence or conditions of confinement which resulted in actual injury. Id. Clearly, the right does not encompass the filings at issue in this case.

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the ... Fourteenth Amendment." Dahl v. Rice County, Minn. 621 F.3d 740, 745 (8th Cir. 2010)(citing Mathews v. Eldridge, 424 U.S. 319, 332 (1976)). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Matthews, 424 U.S. at 333 (internal quotations omitted). "'When a state employee's unauthorized, random acts deprive a person of property, the state employee's acts do not violate "the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" Clark v. Kansas City Missouri School Dist. 375 F.3d 698, 702 ( 8th Cir. 2004)(quoting Hudson v. Palmer, 468 U.S. 517, 533 (1984)). "[T]he states' action [is not regarded as] complete until and unless it provides or refuses to provide a suitable postdeprivation remedy." Hudson, 468 U.S. at 533. Assuming Plaintiff has a protected interest in the statutory procedures for the filing of transfer statements, the procedural due process claim nevertheless fails as a matter of law because Plaintiff has adequate postdeprivation remedies. See e.g, Arkansas Bond Co. v. Harton, 191 Ark. 665 (1935)(writ of mandamus may be used to obtain an order directing the clerk to take specific actions).

### 2. *Motion for Preliminary Injunction* (Doc. 16)

This motion has been rendered moot by the recommendation that the case be dismissed.

### III.  Conclusion

I therefore recommend that the motion to dismiss (Doc. 8) be granted on the grounds the claims are frivolous and fail to state claims upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).  I further recommend that the motion for preliminary injunction (Doc. 16) be denied as moot.

The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g).  I therefore recommend that the clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen (14)  days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of February 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE