```
        IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
               FAYETTEVILLE DIVISION
```

**LANCE MITCHELL OWENS**                                              PLAINTIFF

v.                        Civil No. 10-5034

**BRENDA DeSHIELDS,**
Benton County Circuit Court Clerk/Recorder;
and BONITA STUBBS, Administrative Assistant,
Benton County Circuit Court Clerk, in their
individual and official capacities                                    DEFENDANTS

## O R D E R

Now on this 31st day of May, 2011, comes on for consideration the **Amended Report and Recommendation of the Magistrate Judge** (Doc. 39), in this matter, and the plaintiff's objections thereto (Doc. 40). The Court, being well and sufficiently advised, finds and orders as follows:

1. Plaintiff filed this lawsuit *pro se* and is proceeding *in forma pauperis* (IFP). He alleges that defendants violated his constitutional rights when they refused to file a document entitled "Transfer Statement/Deed of Transfer." He brings this action under 42 U.S.C. § 1983.

2. On February 9, 2011, the Magistrate Judge issued her Report and Recommendation (Doc. 23) (hereby referred to as the "First Report and Recommendation") in which she recommended that plaintiff's complaint be dismissed for failure to state a claim upon which relief could be granted because:

  * plaintiff has failed to establish a equal protection claim because he has not alleged any facts suggesting that defendants gave differential treatment to persons who were similarly situated to plaintiff but who were not of his national origin;

  * plaintiff has failed to allege a claim for denial of access to the courts because, while prisoners have a fundamental right to access to the courts, that right of access only applies to claims challenging a prison sentence or conditions of confinement and what plaintiff had tried to file was a transfer statement seeking to transfer property; and

  * plaintiff has failed to state a procedural due process claim because he had adequate post deprivation remedies, *i.e.,* a writ of mandamus.

  3. On March 11, 2011, this Court adopted the First Report and Recommendation *in toto* and dismissed plaintiff's complaint. (*See* Doc. 33).

  4. Plaintiff filed a motion to appeal *in forma pauperis*. (*See* Doc. 35). Pursuant to 28 U.S.C. § 1915(a)(3), the IFP statute, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

5.   On April 25, 2011, the Magistrate Judge filed an Amended Report and Recommendation[1] in which she recommends that plaintiff's motion for leave to appeal be denied because all of plaintiff's claims are clearly frivolous and, as such, the appeal would not be taken in good faith.  (*See* Doc. 39).

6.   Plaintiff objects to the Magistrate Judge's Amended Report and Recommendation because he says that the defendants failed to file his petition for writ of mandamus and such a failure denied him of his right to access to the courts.  Plaintiff's objection directly contradicts his own statements in his complaint that his petition for writ of mandamus was filed with the state court on or about April 30, 2009.  Thus, plaintiff's objection will be overruled.

**IT IS THEREFORE ORDERED** that the plaintiff's **Objection** (Doc. 40) is hereby **OVERRULED**.

**IT IS FURTHER ORDERED** that, for the reasons stated above, the **Amended Report and Recommendation of the Magistrate Judge** is hereby **adopted** *in toto*.

**IT IS FURTHER ORDERED** that, for the reasons stated in the Amended Report and Recommendation, the Court hereby certifies that

---

[1] The Magistrate Judge had entered an earlier Report and Recommendation on April 6, 2011 (Doc. 37) to which plaintiff objected.  The Magistrate Judge noted in her Amended Report and Recommendation filed on April 25, 2011 (Doc. 39) that the reason for the amendment was because the Court was in error when it stated that the claims asserted in the complaint were subject to dismissal because defendants were immune from suit.

plaintiff's appeal may not be taken *in forma pauperis* because his appeal is clearly frivolous and is not taken in good faith. Therefore, plaintiff's **Motion for Leave to Appeal *in forma pauperis* (Doc. 39)** is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to collect the $455 appellate filing fee pursuant to the terms of the Prison Litigation Reform Act.

**IT IS SO ORDERED.**

/s/Jimm Larry Hendren
**HON. JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE**